UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:12-CR-067 JD |
| | ) |
| EVELYN RIVERA BORRERO (06) | ) |

## OPINION AND ORDER

Now before the Court is Defendant Evelyn Rivera Borrero's Motion for Release and to Stay Sentence Pending Appeal. [DE 463]. Ms. Borrero was convicted by a jury on one count of conspiring to conceal or shield illegal aliens from detection or to encourage or induce illegal aliens to reside in the United States, and on one count of conspiring to commit mail fraud in furtherance of that scheme. [DE 230]. On October 15, 2013, this Court sentenced Ms. Borrero to a term of 24 months of imprisonment, to commence no later than December 3, 2013. [DE 390]. Ms. Borrero later moved to delay the execution of her sentence for 31 days, which the Court denied, so Ms. Borrero apparently reported to the Bureau of Prisons as ordered on December 3, 2013. [DE 453, 456]. Ms. Borrero has also filed a Notice of Appeal contesting her conviction and sentence, [DE 403], and her present motion seeks her release from custody pending the disposition of her appeal. [DE 463]. The government opposes the motion, and this matter has been fully briefed. [DE 465, 469]. For the following reasons, Ms. Borrero's motion is DENIED.

Ms. Borrero's motion for release pending appeal is governed by 18 U.S.C. § 3143(b), which creates a presumption against such a request. Pursuant to section 3143, a person who has been sentenced to a term of imprisonment and who has filed an appeal must be detained unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The Seventh Circuit has defined a "substantial question" as one that is "a 'close' question or one that very well could be decided the other way." *United States v. Bilanzich*, 771 F.2d 292, 298 (7th Cir. 1985). The burden is on the defendant to establish that they satisfy these factors. *Id.* Accordingly, in recognition of "the basic principle that a conviction is presumed to be correct," this statute "requires an affirmative finding that the chance for reversal is substantial." *Id.* (quoting S. Rep. No. 98-225, at 27 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3210).

The government disputes that Ms. Borrero has satisfied either statutory element here. As to the first element, the government concedes that Ms. Borrero does not pose a danger to the safety of any person or of the community, but maintains that Ms. Borrero should be considered a flight risk now that she has begun her term of incarceration. Though the government acknowledges that Ms. Borrero remained on bond throughout this matter—from her arrest through her trial, from her conviction at trial until her sentencing, and from her sentencing until her voluntary surrender—it asserts that now that Ms. Borrero, a first time offender, has experienced incarceration, she is less likely to voluntarily return to prison if released. The Court is unconvinced by this logic, and views Ms. Borrero's compliance with the terms of her release throughout this matter, up to and including her voluntary surrender for her term of incarceration, as strong evidence that she is not likely to flee if released. However, since Ms. Borrero fails to

carry her burden as to the second statutory element for her release, the Court need not make an express finding on this issue.

As to the second element, Ms. Borrero asserts seven separate grounds that she contends raise substantial questions of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include imprisonment, or a term of imprisonment less than the expected duration of the appeal process. The Court has addressed each of these arguments in prior written orders, either directly or indirectly. [DE 138, 226, 307, 375]. Ms. Borrero's present motion has not demonstrated that any of these arguments raises "a substantial question of law or fact," as would be required to justify her release pending appeal, so her motion must be denied.

Ms. Borrero first argues that the Court improperly calculated her sentencing guidelines by including the customers of the enterprise as victims of the fraud. The Court previously addressed the proper guidelines calculation at length in a written order, and Ms. Borrero's present motion has not identified any non-frivolous grounds, much less substantial ones, for challenging those calculations. [DE 375]. She first suggests that the customers could not have been defrauded because she was also convicted of Count I, which essentially charged her with assisting those customers, many of them being illegal aliens. This presents no inconsistency, however, because it is certainly possible to defraud an illegal alien even while conspiring to conceal or shield them from detection or to induce or encourage them to remain in the United States. Ms. Borrero also suggests that she was deprived of the opportunity to present a defense as to these sentencing issues because they were not argued to the jury. However, Ms. Borrero is not entitled to a jury determination of this question merely because it affects her advisory sentencing range—not every fact "that influences judicial discretion must be found by a jury." *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013); *United States v. Littrice*, 666 F.3d 1053, 1061 (7th

Cir. 2012) (stating that the loss amount "must be determined 'on the basis of the conduct of conviction *and relevant conduct*," as found by the Court by a preponderance of the evidence (emphasis added)).

Ms. Borrero is also mistaken that she did not have an opportunity to present evidence on this question; the Court held an evidentiary hearing on this matter on July 19, 2013, at which the parties were invited to present evidence relative to the sentencing guidelines. [DE 353]. Further, whether the conspiracy's "customers" were also victims under the guidelines was hotly contested during the sentencing process. Thus, Ms. Borrero's argument that she was "blindsided by a previously unmentioned theory of criminal liability" is unfounded, as the Court gave the defendants ample opportunity to argue and factually develop their arguments relative to the sentencing guidelines. Finally, Ms. Borrero has not demonstrated that any error in the guidelines calculation would ultimately affect her sentence, since the Court expressly stated at sentencing that it would have imposed the exact same sentence regardless of the guideline calculations. The Court emphasized that the guidelines are but one of many factors that the Court must consider pursuant to 18 U.S.C. § 3553(a), and that when considering each of those factors together, "any other sentence would be unreasonable . . . and would fail to account for the real conduct and circumstances involved in this case." [DE 431 p. 40]. Accordingly, the Court concludes that this argument does not present a substantial question such as to justify Ms. Borrero's release pending appeal.

Ms. Borrero next argues that Count II of the indictment is duplicitous, rendering her conviction invalid as to that count. Ms. Borrero argues that this count only charged her with conspiracy to commit mail fraud in furtherance of a conspiracy to shield, conceal, induce, or encourage illegal aliens, and that the evidence at trial of fraud relative to false verifications of

4

vehicle insurance expanded this count to include two separate conspiracies, rendering the count duplicitous. The Court previously addressed a related argument as to Count I in denying the defendants' motion to dismiss. Specifically, the Court noted that "it is well established that it is not duplicitous to charge the defendants with a *single* conspiracy with *multiple* illegal objectives." [DE 138 p. 4 n.1 (citing *Braverman v. United States,* 317 U.S. 49, 54 (1942) ("The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute.") and *United States v. Vallone*, 698 F.3d 416, 461 (7th Cir. 2012) ("A duplicitous charge is not one that simply alleges a single offense committed by multiple means, but rather one that joins two or more distinct crimes in a single count."))]. As the Supreme Court stated in *Braverman*, "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'" 317 U.S. at 54. That is the case here. Though the evidence showed that the conspiracy committed multiple acts of fraud, including understating the value of cars to evade taxes, submitting false insurance information, creating shell corporations without the customers' knowledge, and submitting improperly-obtained notaries, these unlawful acts were carried out by the same conspiracy, so Count II is not duplicitous, nor is it a close enough call to constitute a substantial question. Finally, as noted by the government, appellate review of this question would be under a plain error standard at best, and may have even been waived, which reduces the chance that Ms. Borrero's conviction will be reversed or remanded for a new trial on these grounds. Accordingly, the Court finds that Ms. Borrero has not met the second element with respect to this argument.

Ms. Borrero's third, fourth, and fifth arguments are interrelated, and have been rejected out of hand in previous orders. [DE 138, 307]. Ms. Borrero argues that her conviction on Count I, the conspiracy to violate immigration laws, violates the non-delegation doctrine, violates the

principles of federalism, and is void for vagueness because the conspiracy only assisted illegal aliens in evading limitations imposed by state, not federal, authorities. As the Court previously held on a motion to dismiss brought by Ms. Borrero's co-defendant, Raul Rafael Roman Camacho, "The argument is untenable: the immigration charges in this case accuse Mr. Camacho of assisting illegal aliens to remain in the country; that the barriers to their remaining are erected by the State of Indiana, as opposed to the federal government (or private individuals, for that matter) is irrelevant." [DE 307; *see also* DE 307 (noting that the defendant "is not being prosecuted for violating BMV policy, he is being prosecuted for allegedly conspiring to conceal, harbor, or shield illegal aliens from detection and to induce or encourage illegal aliens to reside in the United States in violation of law"); DE 138 ("The government is not prosecuting a violation of BMV regulations in this case, and there is no need for an action to be independently illegal before it can violate the immigration statute in question—there is nothing inherently illegal about providing housing or transportation to one's employees, but such actions can indeed violate § 1324(a) if done for known illegal aliens for the purpose of harboring them or encouraging them to reside illegally in the United States.")]. Ms. Borrero's present motion does not add any substance to the arguments the Court has previously rejected, so the Court can easily conclude that none of these grounds presents a "substantial question" under section 3143.

Ms. Borrero's final two grounds relate to the sufficiency of the evidence as to the two objects of the conspiracy charged in Count I: to induce or encourage persons to remain in the United States, and to conceal or shield from detection persons present in the United States, respectively. The Court previously addressed this argument at length in denying the defendants' Rule 29 motion for judgment of acquittal. [DE 226]. In that Order, the Court analyzed the adequacy of the evidence as to the conspiracy to violate immigration statutes and Ms. Borrero's

participation in that conspiracy, and held that the evidence was sufficient to support a conviction. [DE 226]. For the same reasons set forth in that Order, which the Court need not restate here, the Court does not believe that these arguments present close enough questions to warrant Ms. Borrero's release. Furthermore, Ms. Borrero's present motion only challenges the sufficiency of the evidence for Count I, even though Count II is an independent charge that could be sustained even if Ms. Borrero prevails as to Count I. As noted by the government, Ms. Borrero's sentence was largely driven by Count II, so even a successful challenge to Count I would not likely result in a reversal, new trial, a sentence that does not include a term of imprisonment, or a term of imprisonment less than the expected duration of the appeal process, which provides an independent reason that these arguments do not justify Ms. Borrero's release.

For all of these reasons, the Court concludes that Ms. Borrero has failed to raise a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, so as to overcome the presumption of incarceration pending appeal. Therefore, the Court DENIES Ms. Borrero's motion for release pending appeal. [DE 463]. As Ms. Borrero is aware, she may still seek this relief from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 9(b).

    SO ORDERED.

    ENTERED:  March 27, 2014

                                       /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court